UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK and NATIONAL CITY BANK OF INDIANA,   )<br>)<br>)<br>     Counterclaimants,   )<br>)<br>     v.   )<br>)<br>GREENWOOD PLACE, LP, and   )<br>GREENWOOD PLACE PHASE II, LP,   )<br>)<br>     Counterclaim Defendants.   ) | Cause No. 1:09-cv-1110-TWP-TAB |

ENTRY ON MOTION OF NON-PARTIES GEORGE P. BROADBENT AND MARY CLARE BROADBENT TO MAINTAIN CERTAIN TRIAL EXHIBITS UNDER SEAL

On August 17, 2010, The Huntington National Bank and National City Bank of Indiana (collectively, "Lenders") filed a counterclaim alleging that George P. Broadbent – a guarantor of a series of loans – had suffered a "material adverse change in [his] financial condition," thus constituting an event of default on the underlying loans. On July 19, 2011, the Court denied Lenders' Motion for Summary Judgment and "Request for Declaration of Material Adverse Change" in Mr. Broadbent's financial condition, thus paving the way for a trial. Since November 23, 2011, the parties have known that a trial on the counterclaim will begin on March 5, 2012. And, for several months, the parties have known of the proposed exhibits that would be offered at trial. Nonetheless, just *one week* before trial, on February 27, 2012, Mr. Broadbent and his wife, Mary Clare Broadbent (collectively, the "Broadbents"), filed a Motion to Maintain Certain Trial Exhibits and Testimony Under Seal. For the reasons stated below, that motion (Dkt. 174) is **DENIED**.

A. **Introduction**

In 2005, Lenders attempted to woo Mr. Broadbent by offering his business entities a massive line of credit to develop commercial real estate. On February 23, 2006, the Lenders and The Broadbent Development Company entered into a Master Loan Agreement ("MLA"). Under the MLA, Lenders agreed to make "Project Loans" to "Borrowers" designated by Mr. Broadbent "from time to time, in an aggregate principal amount not to exceed [$50 million] outstanding at any time." An important condition to Lenders making a Project Loan to a designated Borrower was the receipt of an executed Guaranty by a Guarantor. Mr. Broadbent is the sole Guarantor under the MLA. Significantly, Section 8.01(l) of the MLA provides that "any material adverse change in the financial condition of . . . a Guarantor" constitutes an event of default.

Since becoming the Guarantor on the MLA loans, Mr. Broadbent's available cash, net worth, and his equity in real estate have declined markedly. Moreover, Mr. Broadbent now has tens of millions of dollars in unpaid judgments entered against him. According to Lenders, his once-booming real estate enterprise "is in a state of virtual collapse." (Dkt. 117 at 9). Moreover, since 2010, Mr. Broadbent has engaged in a series of financial transactions with his wife, Mary Clare Broadbent, that have raised red flags for Lenders. Most notably, in January 2010, Mr. Broadbent "gifted" to his wife five different real estate projects that had equity of $22 million in them.

The trial in this matter – set to begin in three days – can be distilled down to a single question: Has Mr. Broadbent suffered a material adverse change in his financial condition? As Mr. Broadbent concedes, his own financial condition is at the front and center of this case: "the issues at trial will primarily concern [his] financial condition, his assets, and his liabilities – in short, his . . . financial information." (Dkt. 174 at 2). It is anticipated that, at trial, roughly 18 exhibits – and considerable testimony – will shed light on his financial condition. Through the

2

present motion, the Broadbents ask the Court to maintain those 18 exhibits – and all related testimony – under seal.[1]

### B. Discussion

As a general rule, because the public pays for courts, they are entitled to know what occurs in the courtroom. Thus, when litigants go to trial, they are often forced to air information to the public that they would prefer to keep private. As the Seventh Circuit has emphasized, "[m]any a litigant would prefer that the subject of a case – how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on – be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing. " *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000). Specifically, In *Union Oil,* the Seventh Circuit rejected a request to keep under seal virtually all documents in a lawsuit for breach of a "confidential" settlement agreement for clean-up of a contaminated industrial site. Recognizing that many parties would prefer to keep the details of their disputes out of the public record, the Seventh Circuit explained that the public has a substantial interest in access to the records that are the basis for the public decisions of public courts supported with public funds. The court pointed out that even issues affecting national security are litigated in public, with limited use of sealed portions of the record where necessary. *Id*. at 567-68.

Thus, any step that "withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Hicklin Engineering, L.C. v. R.J. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). In that vein, "documents that were the basis for decision are presumed to be available for public inspection." *Naji v. Meissner*,

---

[1] In their response brief, Lenders assure the Court that they will work with the Broadbents to make redactions to preserve the confidentiality of information covered by Fed. R. Civ. P. 5.2 (bank account numbers , social security numbers, etc.). (Dkt. 176 at 2, n.1).

1996 WL 596410, at *2 (N.D. Ill. Oct. 9, 1996) (citation omitted). That is why "[p]eople who want secrecy should opt for arbitration." *Leavell*, 220 F.3d at 568. Here, the Broadbents' documents containing, in their words, "a mountain of . . . information," (Dkt. 177 at 8), will ultimately be of paramount importance in this trial. Given the integral nature of these documents to the resolution of this dispute, these documents will not be sealed absent "rigorous justification."

The Broadbents cannot seriously argue that their financial condition is akin to a trade secret that would cause competitive harm. *Cf. Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 2008 WL 4542921 (N.D. Ill. May 23, 2008) (involving post-trial sealing of exhibits that revealed trade secrets). Instead, they argue that continued confidentiality of their sensitive financial information is warranted because they are non-parties – not actual litigants. Indeed, some courts have shown a willingness to seal the personal information of non-parties who are detached from or only tangentially involved with the litigation. *See, e.g., In re Knoxville News-Sentinel Company, Inc.*, 723 F.2d 470 (6th Cir. 1983) (sealing personal financial information of banking customers who were only tangentially related to the lawsuits and who had not put their financial information at issue).[2]

However, the reasoning embraced in that case does not apply here. Simply stated, Mr. Broadbent is not a garden-variety disinterested non-party sitting on the fringe of this lawsuit. His partnership is the defendant in this action; his company signed the MLA at issue; he personally signed guarantees leading to this lawsuit; and his personal financial condition is at the heart of this dispute. In other words, notwithstanding his technical status as a "non-party," Mr. Broadbent

---

[2] At least one district court has stated that "[p]ersonal financial information, such as one's income or bank account balance, is universally presumed to be private, not public." *Ins. Dists. Int'l (Bermuda) Ltd. v. Edgewater Consulting Grp. Ltd.*, 2010 WL 3064003, at *2 (W.D. Tex. Aug. 2, 2010). However, in light of Seventh Circuit precedent, the Court does not find this non-binding authority persuasive.

is intimately involved with and inextricably linked to this litigation. And, in light of his recent transactions involving his wife, Mary Clare Broadbent is also inextricably linked to this litigation. Moreover, if Mr. Broadbent wanted to keep his financial condition under a veil of secrecy, he could have negotiated an arbitration clause when his company entered the MLA.

To be sure, Mr. Broadbent has understandable personal reasons for seeking to keep this information private. That said, potential embarrassment to a stakeholder in a lawsuit does not warrant maintaining information under seal. *See, e.g., United States v. Foster*, 564 F.3d 852, 855 (7th Cir. 2009) (risk of embarrassment and effect on plaintiff counsel's personal and professional reputation was not a sufficient reason to maintain secrecy of affidavit submitted under seal). Moreover, it is true, as the Broadbents emphasize, that the exhibits at issue were subject to agreed Protective Orders issued by the Court. However, the discovery process is far different than trial. It is well settled that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record . . . . But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Id*. at 853 (citation and internal quotations omitted). Overall, in the Court's view, the Broadbents have not demonstrated the requisite "good cause" for sealing portions of this trial. *See Citizens First Nat'l Bank of Princeton v.Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999) (deeming "invalid" an order that gave the parties "a virtual carte blanche" to seal what they wanted).

## C. Conclusion

The Seventh Circuit recently held that "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Given the centrality of Mr. Broadbent's financial condition to this trial and the lack

of an applicable statute, rule, privilege, or trade secret justifying confidentiality, the non-parties' Motion to Maintain Certain Trial Exhibits and Testimony Under Seal (Dkt. 174) is **DENIED**. Having reviewed the relevant case law, the Court also finds that it erred by sealing the "Entry on Lenders' Pending Motions" (Dkt. 129). *See Hicklin*, 439 F.3d at 349 ("We hope never to encounter another sealed opinion."). Accordingly, that document will be unsealed on Monday, March 5, 2012.

SO ORDERED.   03/02/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

Jason R. Burke
HOPPER & BLACKWELL
jburke@hopperblackwell.com

Anne L. Cowgur
BINGHAM GREENEBAUM DOLL LLP
acowgur@bgdlegal.com

Paul Thomas Deignan
TAFT STETTINIUS & HOLLISTER LLP
pdeignan@taftlaw.com

George W. Hopper
HOPPER & BLACKWELL
ghopper@hopperblackwell.com

Phil L. Isenbarger
BINGHAM MCHALE, LLP
pisenbarger@binghammchale.com

Richard A. Kempf
TAFT STETTINIUS & HOLLISTER LLP
rkempf@taftlaw.com

Nathan Lee Lundquist
BINGHAM GREENEBAUM DOLL LLP
nlundquist@bgdlegal.com

Whitney L. Mosby
BINGHAM GREENEBAUM DOLL LLP
wmosby@bgdlegal.com

Peter Jon Prettyman
TAFT STETTINIUS & HOLLISTER LLP
pprettyman@taftlaw.com

Thomas C. Scherer
BINGHAM MCHALE LLP
tscherer@binghammchale.com

Steven C. Shockley
TAFT STETTINIUS & HOLLISTER LLP
sshockley@taftlaw.com