UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK<br>and PNC BANK, NATIONAL ASSOCIATION,<br><br>    Counterclaimants,<br><br>    v.<br><br>GREENWOOD PLACE, LP, and<br>GREENWOOD PLACE PHASE II, LP,<br><br>    Counterclaim Defendants. | Cause No. 1:09-cv-1110-TWP-TAB |

ENTRY ON NON-PARTIES' EMERGENCY MOTION TO REDACT
CONFIDENTIAL INFORMATION CONTAINED IN SUMMARY JUDGMENT

This matter comes before the Court on George P. Broadbent and Mary Clare Broadbent's (collectively, the "Broadbents") "Emergency Motion to Redact Confidential Information Contained in Summary Judgment Entry" (Dkt. 188). As way of background, in an order dated July 19, 2011, the Court denied Lenders' Motion for Summary Judgment, finding that genuine issues of material fact existed as to whether Mr. Broadbent had suffered a "material adverse change in [his] financial condition" (Dkt. 129). This order was sealed after the parties filed a notice to the Court "that the parties have agreed that the . . . Order . . . should be sealed from public view and maintained under seal" (Dkt. 131). On November 23, 2011, the Court set this case for a two-day bench trial to begin on March 5, 2012 (Dkt. 141).

One week before trial, on February 27, 2012, the Broadbents filed a Motion to Maintain Certain Trial Exhibits and Testimony Under Seal. (Dkt. 174). On Friday, March 2, 2012, the Court – relying on Seventh Circuit authority – denied this motion (Dkt. 186). In doing so, the Court acknowledged that it had erred by sealing the order on summary judgment, and announced that it would unseal that document on Monday, March 5, 2012 (Dkt. 186 at 6). On Saturday,

March, 3, 2012, the Court was advised that the parties had reached a settlement agreement; as a result, the Court vacated the bench trial (Dkt. 187). On Sunday, March 4, 2012, the Broadbents filed the present motion – an Emergency Motion to Redact Confidential Information Contained in the Summary Judgment Entry (Dkt. 188).[1] The motion asks the Court to redact various dollar amounts pertaining to Mr. Broadbent's cash balances, his net worth, and his equity in certain real estate projects.

The crux of the Broadbents' motion is that their non-public financial information should be held in confidence. *See, e.g., In re Boston Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003) ("Personal financial information, such as one's bank account balance, is universally presumed to be private, not public."). This argument has some appeal, but it does not fare well in the Seventh Circuit, which recently held that "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Here, the information at issue strongly "affect[s] the disposition" of the litigation, because the Broadbents were intimately involved with and inextricably linked to the heart of this litigation (for purposes of both the summary judgment order and trial). Indeed, had this case gone to trial, this case would have turned squarely on Mr. Broadbent's financial condition, and "documents that were the basis for decision are presumed to be available for public inspection." *Naji v. Meissner*, 1996 WL 596410, at *2 (N.D. Ill. Oct. 9, 1996) (citation omitted). Further, the Broadbents cannot point to an applicable statute, rule, or privilege shielding this information; nor can they seriously argue that the information at issue is remotely akin to something as sensitive

---

[1] The Banks respond that they "do not object to the specific redactions made, in the procedural context in which they have been made and in light of this Court's reasoning on summary judgment." (Dkt. 194 at 3). Regardless, an agreement between the parties does not trump binding Seventh Circuit precedent.

as "trade secrets" or "the identities of undercover agents." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

As this Court has acknowledged, Mr. Broadbent has understandable personal reasons for seeking to keep this information private. Nonetheless, potential embarrassment is not a good reason for a taxpayer-funded branch of government to conceal something from the public eye. *See, e.g., United States v. Foster*, 564 F.3d 852, 855 (7th Cir. 2009) (risk of embarrassment and effect on plaintiff counsel's personal and professional reputation was not a sufficient reason to maintain secrecy of affidavit submitted under seal). Overall, in the Court's view, the Broadbents have not demonstrated the requisite "good cause" for redacting the entry. *See Citizens First Nat'l Bank of Princeton v.Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999). Simply put, Seventh Circuit precedence does not allow the Court to redact the proposed dollar amounts from the Entry. Accordingly, the Broadbents' Emergency Motion to Redact Confidential Information Contained in Summary Judgment Entry (Dkt. 188) is **DENIED**. The Clerk of the Court is directed to unseal the Entry on Lenders' Pending Motions (Dkt. 129).

SO ORDERED. 03/06/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

3

Distribution to:

| | |
|---|---|
| Jason R. Burke<br>HOPPER & BLACKWELL<br>jburke@hopperblackwell.com | Nathan Lee Lundquist<br>BINGHAM GREENEBAUM DOLL LLP<br>nlundquist@bgdlegal.com |
| Anne L. Cowgur<br>BINGHAM GREENEBAUM DOLL LLP<br>acowgur@bgdlegal.com | Whitney L. Mosby<br>BINGHAM GREENEBAUM DOLL LLP<br>wmosby@bgdlegal.com |
| Paul Thomas Deignan<br>TAFT STETTINIUS & HOLLISTER LLP<br>pdeignan@taftlaw.com | Peter Jon Prettyman<br>TAFT STETTINIUS & HOLLISTER LLP<br>pprettyman@taftlaw.com |
| George W. Hopper<br>HOPPER & BLACKWELL<br>ghopper@hopperblackwell.com | William N. Riley<br>PRICE WAICUKAUSKI & RILEY<br>wriley@price-law.com |
| Phil L. Isenbarger<br>BINGHAM MCHALE, LLP<br>pisenbarger@binghammchale.com | Thomas C. Scherer<br>BINGHAM MCHALE LLP<br>tscherer@binghammchale.com |
| Carol Nemeth Joven<br>PRICE WAICUKAUSKI & RILEY<br>cnemeth@price-law.com | Steven C. Shockley<br>TAFT STETTINIUS & HOLLISTER LLP<br>sshockley@taftlaw.com |
| Richard A. Kempf<br>TAFT STETTINIUS & HOLLISTER LLP<br>rkempf@taftlaw.com | Geoffrey G. Slaughter<br>TAFT STETTINIUS & HOLLISTER LLP<br>gslaughter@taftlaw.com |
| | Ronald J. Waicukauski<br>PRICE WAICUKAUSKI & RILEY<br>rwaicukauski@price-law.com |